

FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

JUL 2 0 2021

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

VANCE DOTSON
    Plaintiff,

v.

ALLTRAN FINANCIAL, LP.,
    Defendant.

) JURY TRIAL DEMANDED
)
)
) Case No.
)CIV 21 0725
)
)
)

HE

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

### I.    INTRODUCTION

1.    This is an action for actual and statutory brought by Plaintiff Vance Dotson an individual consumer, against Defendant, Alltran Financial, LP., ("Alltran") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.    JURISDICTION AND VENUE

2.    Jurisdiction of this court arises under 15 U.S.C § 1692k(d) 28 U.S.C §1331 and 28 U.S.C § 1367(a). Venue in this District is proper in that the Defendants transact business in Oklahoma City, Oklahoma

1

County, Oklahoma, and the conduct complained of occurred in Oklahoma City, Oklahoma County, Oklahoma.

## III.   PARTIES

3.   Plaintiff Vance Dotson (hereinafter "Mr. Dotson") is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma. Ms. Torres is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4.   Upon information and belief, Defendant Alltran Financial, LP., is a Texas corporation with its principal place of business located at 5800 N Course Dr, Houston TX 77072. With the Oklahoma Secretary of State Alltran Financial, LP., has a filling Number: 3412043192 since July 19, 2004

5.   Defendant Alltran Financial, LP., is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempt to collect consumers' debts alleged to be due to another's.

## IV.   FACTS OF THE COMPLAINT

6.   Defendant Alltran Financial, LP., (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

2

7.   On or about July 15, 2021, Mr. Dotson started receiving phone calls from Defendant attempting to collect on an alleged debt from American Express in the amount of $2,205.49

8.   On July 15, 2021 Plaintiff stated "Im at work and my boss doesn't allow for personal phone calls at this these times" Defendant quickly responded "this won't be long" on or about 8:47am

9.   On July 16, 2021 Plaintiff stated "Im at work and my boss doesn't allow for personal phone calls at this these times" Defendant quickly responded "its lunch time right now you're not on lunch break, its central standard time" on or about 12:51pm Plaintiff told Defendant that the actions of the Defendant was stressing him out and caused anxiety also the phone call was in violation of 15 U.S.C 1692c(a)(1) and 15 U.S.C 1692c(a)(3).

10.  On July 19, 2021 Plaintiff stated "I'm at work and my boss doesn't allow for personal phone calls at this these times" Defendant quickly responded "I know what you mean my boss doesn't let us have personal phone calls either, I completely understand this takes like 5 or 10 minutes max" on or about 12:59pm in violation of 15 U.S.C 1692c(a)(1) and 15 U.S.C 1692c(a)(3).

3

11.   On July 20, 2021 Plaintiff stated "Im at work and my boss doesn't allow
      for personal phone calls at this these times" Defendant quickly
      responded "when can you take a phone call to set this up it takes 5
      minutes" on or about 11:20am in violation of 15 U.S.C 1692c(a)(1) and
      15 U.S.C 1692c(a)(3).

12.   Plaintiff has suffered actual damages as a result of these illegal
      collection communications by these Defendant in the form of anger,
      anxiety, decreased ability to focus on task while at work, frustration,
      amongst other negative emotions, as well as suffering from unjustified
      abusive invasions of personal privacy.

### V.   FIRST CLAIM FOR RELIEF
### (Defendant Alltran Financial, LP.,)
### 15 U.S.C. §1692c(a)(1)

13.   Mr. Dotson re-alleges and reincorporates all previous paragraphs as if
      fully set out herein.

14.   The Debt Collector violated the FDCPA.

15.   The Debt Collector's violations include, but are not limited to, the
      following:

      The Debt Collector violated 15 U.S.C § 1692c(a)(1) of the FDCPA by
      intentionally communicating in connection with collection of a debt

from Plaintiff at time and place known by Defendant to be inconvenient to Plaintiff.

## VI.   SECOND CLAIM FOR RELIEF
(Defendant Alltran Financial, LP.,)
15 U.S.C. §1692c(a)(3)

16.   Mr. Dotson re-alleges and reincorporates all previous paragraphs as if fully set out herein.

17.   The Debt Collector violated the FDCPA.

18.   The Debt Collector's violations include, but are not limited to, the following:

The Debt Collector violated 15 U.S.C § 1692c(a)(3) of the FDCPA by intentionally communicating in connection with collection of a debt from Plaintiff at Plaintiffs employment after Defendant knew or had reason to know that Plaintiffs employer prohibited Plaintiff from receiving such communications.

## VII.   THIRD CLAIM FOR RELIEF
(Defendant Alltran Financial, LP.,)
INVASION OF PRIVACY

19.   Mr. Dotson re-alleges and reincorporates all previous paragraphs as if fully set out herein.

20.   Plaintiff is entitled to recover damages under the Oklahoma common law claim of invasion of privacy. Defendant made numerous calls to

5

Plaintiff directly after it was aware that he was at work represented an invasion of his privacy as it was an intrusion upon his seclusion.

21. Such inclusion was intentional (or was with reckless disregard), was without Plaintiff consent, and would be considered highly offensive to a reasonable person.

22. Plaintiff is entitled to recover damages in an amount exceeding $10,000,00 for his common law invasion of privacy claim.

## VIII. FOURTH CLAIM FOR RELIEF
## (Defendant Alltran Financial, LP.,)
## Oklahoma Consumer Protection Act 15 OK Stat § 15-761.1

23. Mr. Dotson re-alleges and reincorporates all previous paragraphs as if fully set out herein.

24. The Debt Collector violated the FDCPA.

25. The Debt Collector's violations include, but are not limited to, the following:

The Debt Collector violated 15 OK Stat § 15-761.1(B) of the Oklahoma Consumer Protection Act by intentionally communicating in connection with collection of a debt from Plaintiff at Plaintiffs employment after Defendant knew or had reason to know that Plaintiffs employer prohibited Plaintiff from receiving such communications. Plaintiff is

6

seeking the $10,000 statutory penalty and the $2,000 statutory on each violation.

26.  As a result of the above violations of the FDCPA, Invasion of Privacy and Oklahoma Consumer Protection Act the Defendants are liable to the Mr. Dotson actual damages, statutory damages and cost.

## VI.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. Dotson respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA, Invasion of Privacy and Oklahoma Consumer Protection Act;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2), 15 OK Stat § 15-761.1 and Section 50 of Title 51(F)(1) ;

C. Statutory damages pursuant to 15 U.S.C 1692k(2) 15 OK Stat § 15-761.1(A) and (B) and Section 50 of Title 51(F)(1);

D. Cost pursuant to 15 U.S.C 1692k(3), 15 OK Stat § 15-761.1, Section 50 of Title 51;

E. For such other and further relief as the Court may deem just and proper.

7

Respectfully submitted:

Vance Dotson

Vance Dotson

1709 Albany Ave

Oklahoma City, OK 73111

405-406-7323

vancedotson@yahoo.com

8